Lorne Kelman, Esq.
Attorney for petitioner
70 East Sunrise Highway, Suite 500
Valley Stream NY 11581
(516) 887-0730

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXI JAVIER ANDRADE ESCOBAR<br>A241-102-158<br><br>                  -Petitioner,<br><br>      v.<br><br>MARKWAYNE MULLIN, Secretary,<br>U.S. Dept. of Homeland Security,<br>Immigration and Customs Enforcement,<br>HON. PAMELA BONDI, U.S. Attorney<br>General, Executive Office for<br>Immigration Review, RAUL<br>MALDONADO, JR., Warden of<br>Metropolitan Detention Center Brooklyn,<br><br>                  -Respondents. | Case No.<br><br><br>**PETITION FOR WRIT OF<br>HABEAS CORPUS** |

**INTRODUCTION**

1.    Petitioner ALEXI JAVIER ANDRADE ESCOBAR brings this petition for a writ of habeas corpus to seek enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) Petitioner is in the physical custody of Respondents. He now faces unlawful detention because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have refused to abide by the declaratory judgment issued on behalf of the certified class in *Maldonado Bautista v. Santacruz*.

2.    On November 20, 2025, the district court granted partial summary judgment on behalf of individual plaintiffs and on November 25, 2025, certified a nationwide class and extended declaratory judgment to the certified class. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment).

3.    The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a), and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Maldonado Bautista*, 2025 WL 3289861, at *11.

4.    Nonetheless, the Executive Office for Immigration Review and its subagency the Immigration Court and the Department of Homeland Security (DHS) have blatantly

refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond.

5.      Petitioner is a member of the Bond Eligible Class, as he:

    a.  does not have lawful status in the United States and is currently detained by DHS. He was apprehended by immigration authorities in February 2026;

    b.  entered the United States without inspection over 9 years ago and was not apprehended upon arrival, *cf. id.*; and

    c.  is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.

6.      After apprehending Petitioner, the DHS placed him in removal proceedings pursuant to 8 U.S.C. § 1229a. DHS has charged Petitioner as being inadmissible under 8 USC §1182(a)(6)(A), as someone who entered the United States without inspection.

7.      The Court should expeditiously grant this petition.

8.      Respondents are bound by the judgment in *Maldonado Bautista*, as it has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a). Nevertheless, Respondents continue to flagrantly defy the judgment in that case and continue to subject Petitioner to unlawful detention despite his clear entitlement to consideration for release on bond as a Bond Eligible Class member.

9.      Immigration judges have informed class members in bond hearings that they have been instructed by "leadership" that the declaratory judgment in *Maldonado Bautista* is not controlling, even with respect to class members, and that instead Immigration Judges remain bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (hereafter "*Matter of Hurtado*")

10.     Because Respondents are detaining Petitioner in violation of the declaratory judgment issued in *Maldonado Bautista,* the Court should accordingly order that within one day, Respondent DHS must release Petitioner.

11. Alternatively, the Court should order Petitioner's release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.

**JURISDICTION**

12. Petitioner is in the physical custody of Respondents. Petitioner resides in Brentwood, New York and was arrested in Brentwood Islip, New York by respondents. He was later transferred to Metropolitan Detention Center of Brooklyn, located in Brooklyn, New York, where he is now detained.

13. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

14. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

**VENUE**

15. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Eastern District of New York, the judicial district in which Petitioner has resided since 2016.

16. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

**REQUIREMENTS OF 28 U.S.C. § 2243**

17. The Court should grant the petition for writ of habeas corpus "forthwith," as the legal issues have already been resolved for class members in *Maldonado Bautista.*

18.     Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## PARTIES

19.      Petitioner is a citizen of El Salvador who resides in Brentwood, New York and has been in immigration detention since February 6, 2026.  Petitioner was arrested in or near Jericho, New York, after which ICE did not set bond, and the Executive Office for Immigration Review (EOIR) will not accept jurisdiction to hear bond applications based on the BIA decision of *Matter of Hurtado* since Petitioner is deemed an "applicant for admission." This, even though Petitioner has resided in the United States with his fiancé for 9 years since 2016.

20.     Upon information and belief, after his arrest, Petitioner was held by Respondents over the following weekend in East Meadow, New York. Later, he was transferred to Metropolitan Detention Center of Brooklyn, Brooklyn, New York where he is now detained.

21.     Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's

detention. Mr. Mullin has ultimate custodial authority over Petitioner and is sued in his official capacity.

22.     Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

23.     Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

24.     Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

25.     Respondent Raul Maldonado is the Warden of the Metropolitan Detention Center in Brooklyn, New York, who has immediate custody of the Petitioner.

### CLAIM FOR RELIEF
### GROUND ONE Violation of the INA:
### Request for Relief Pursuant to *Maldonado Bautista*

26.      Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

*27.*     As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

*28.*     The order granting partial summary judgment in *Maldonado Bautista* holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

*29.*     The order granting class certification in *Maldonado Bautista* further orders that "[w]hen considering this determination with the MSJ Order, the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole."

*30.*     Respondents are parties to *Maldonado Bautista* and bound by the Court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

31.     By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*.

## GROUND TWO Violation of Due Process:
### Indefinite Detention & Deprivation

32.     Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

33.     By denying the Petitioner even the opportunity to seek bail, Respondents have effectively guaranteed that Petitioner will remain detained indefinitely.

*34.*     That, compounded by depriving Petitioner of access to even the most basic human rights to hygiene have created "extraordinary circumstances" that make the grant of bail necessary to make the habeas remedy, as delineated in *Mapp v. Remo 241 F.3d 221 (2nd Cir. 2001)*

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a.     Assume jurisdiction over this matter;

b.     Issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;

c.  Alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days;

d.  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

e.  Grant any other and further relief that this Court deems just and proper.

DATED this March 19, 2026.                    /s/ Lorne J Kelman

LORNE J. KELMAN, *Attorney for Petitioner*